IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CLIFTON SANDIFER, NICOLE ANDREWS, DORA ANDERSON, HERBERT HARRIS, BERNARD JENKINS, ALVIN MITCHELL, MARILYN WALTON, AND KENNY WILLIAMS, | ) ) ) ) ) | |
| | ) | Case No. 2:07-cv-00443-RLM-PRC |
| Plaintiffs, | ) ) | United States District Judge |
| v. | ) ) | Honorable Robert L. Miller, Jr. |
| UNITED STATES STEEL CORPORATION | ) ) | |
| Defendant. | ) ) | |

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) AND FOR PARTIAL
RECONSIDERATION OF THE COURT'S ORDER OF OCTOBER 15, 2009**

---

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    BACKGROUND .................................................................................................. 2

III.   ARGUMENT ...................................................................................................... 3

      A.     This Court Should Certify for Interlocutory Appeal Under 28 U.S.C. §
           1292(b) the Pure Question of Law Raised By That Part of Its Order
           Denying U. S. Steel's Motion for Summary Judgment As to the Walking
           Time Claims ........................................................................................................ 3

           1.     The question at issue is one of statutory interpretation and, as such,
                   is a pure, abstract question of law. ............................................................ 5

                a.     This Court followed <u>Figas</u> and <u>Andrako</u>, and held that
                       Section 203(o) relates to "compensability" and does not
                       foreclose a finding that the activities are nonetheless
                       "integral and indispensable" and, therefore, principal
                       activities ......................................................................................... 6

                b.     The plain language of Section 203(o), 207(a), and 254(a) of
                       the FLSA support the conclusion of the DOL and <u>Sisk</u>, <u>i.e.</u>,
                       that Section 203(o) activities cannot start or end the
                       continuous workday ........................................................................ 6

            2.     The question at issue is "controlling." ..................................................... 9

            3.     The question at issue is "contestable." ................................................... 10

            4.     Appellate review would materially advance the ultimate
                   termination of the litigation ................................................................... 11

      B.     The Court Should Reconsider Its Holding That U. S. Steel Waived Its
           Argument That the Walking Time Claims Are Barred Based on the
           Collective Bargaining Agreements Covering the Plaintiffs. ............................... 13

           1.     The standard for a motion to reconsider an interlocutory order is
                   met here. ................................................................................................ 13

            2.     Prior to its Reply Brief, U. S. Steel raised the argument regarding
                   deference to the parties' BLA with respect to the compensability of
                   walking time. ........................................................................................ 14

            3.     Even had this argument not been raised before U. S. Steel's Reply
                   Brief, it was not waived because Plaintiffs had an adequate
                   opportunity to respond to it. .................................................................. 16

IV.    CONCLUSION ................................................................................................ 17

# TABLE OF AUTHORITIES

Page

CASES

14 Penn Plaza v. Pyett,
129 S. Ct. 1456 (2009).................................................................................15

Ahrenholz v. Bd. of Trustees of the Univ. of Ill.,
219 F.3d 674 (7th Cir. 2000) .................................................................4, 5, 11

Akerly v. Red Barn Sys., Inc.,
551 F.2d 539 (3d Cir. 1977).................................................................11, 12

Akzo Coatings, Inc. v. Aigner Corp.,
909 F. Supp. 1154 (N.D. Ind. 1995) ....................................................13

Anderson v. Mt. Clemens Pottery Co.,
328 U.S. 680 (1946)........................................................................8, 9

Andrako v. U. S. Steel,
632 F. Supp. 2d 398 (W.D. Pa. 2009)..............................................3, 6, 10

Bell v. DaimlerChrysler Corp.,
547 F.3d 796 (7th Cir. 2008) ..........................................................16

Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,
90 F.3d 1264 (7th Cir.1996) ............................................................13

Carolina Casualty Ins. Co. v. Estate of Zinsmaster,
No. 1:06-cv-33, 2007 WL 670898 (N.D. Ind. Feb. 27, 2007) .................10

Commonwealth Edison Co. v. U.S. Nuclear Regulatory Comm'n,
830 F.2d 610 (7th Cir. 1987) ..........................................................16

Dinges v. Sacred Heart St. Mary's Hosps., Inc.,
164 F.3d 1056 (7th Cir. 1999) .....................................................14, 15

Estate of Escobedo v. City of Fort Wayne,
No. 1:05-cv-424, 2008 WL 4411485 (N.D. Ind. Sept. 25, 2008)...................5, 9, 10

Figas v. Horsehead Corp.,
No. 06-1344, 2008 WL 4170043 (W.D. Pa. Sept. 3, 2008)........................... passim

Gatewood v. Koch Foods of Miss., LLC,
569 F. Supp. 2d 687 (S.D. Miss. 2008)...................................................10

Hart v. Transit Mgmt. of Racine, Inc.,
    426 F.3d 863 (7th Cir. 2005) ................................................17

IBP v. Alvarez,
    546 U.S. 21 (2005)...........................................................7, 8

Johnson v. Washington Metro. Area Transit Auth.,
    790 F. Supp. 1174 (D.D.C. 1991) ...................................12, 13

Katz v. Carte Blanche Corp.,
    496 F.2d 747 (3d Cir. 1974)...................................11, 12, 13

Lock Realty Corp. IX v. U.S. Health, LP,
    No. 3:06-cv-487, 2009 WL 2970330 (N.D. Ind. Sept. 14, 2009) (Miller, J.).........................13

McDonald v. HSBC Finance Corp.,
    No. 1:03-cv-1698, 2006 WL 2669950 (S.D. Ind. Sept. 18, 2006)...........................................10

Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.,
    536 F.3d 640 (7th Cir. 2008) ................................................8

Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,
    460 U.S. 1 (1983)...............................................................13

NLRB v. Magnavox,
    415 U.S. 322 (1974)...........................................................15

O'Brien v. Diversified Transport, Inc.,
    Cause No. 3:04-cv-791, 2006 WL 3191560 (N.D. Ind. Nov. 1, 2006) (Miller, J.) ................16

Pavey v. Conley,
    No. 3:03-cv-662, 2006 WL 3715019 (N.D. Ind. Dec. 14, 2006)...............................................9

Sisk v. Sara Lee Corp.,
    590 F. Supp. 2d 1001 (W.D. Tenn. 2008)...................................... passim

Steiner v. Mitchell,
    350 U.S. 247 (1956)...........................................................8, 9

U.S. v. Berkos,
    543 F.3d 392 (7th Cir. 2008) ................................................7

United States v. Lashay,
    417 F.3d 715 (7th Cir. 2005) ................................................15

United States v. Williams,
    436 F.3d 767 (7th Cir. 2006) ................................................17

W. Tenn. Chapter of Associated Builders & Contractors v. City of Memphis,
   138 F. Supp. 2d 1015 (W.D. Tenn. 2000).................................................................11, 12, 13

Zenith Radio Corp. v. Matsushita Elec. Indus. Co. Ltd.,
   M.D.L. No. 189, 1979 WL 1689 (E.D. Pa. Aug. 21, 1999).......................................................11

**STATUTES**

28 U.S.C. § 1292(b) ..................................................................................................... passim

29 U.S.C. § 203(o) ........................................................................................................ passim

29 U.S.C. § 207(a) .................................................................................................................7

29 U.S.C. § 216(b) ..............................................................................................................12

29 U.S.C. § 251(a) .................................................................................................................9

29 U.S.C. § 254(a) ............................................................................................................3, 8

**OTHER AUTHORITIES**

29 C.F.R. § 790.8(a)..............................................................................................................8

Fed. R. Civ. P. 54(b) ..........................................................................................................13

H.R. Rep. No. 71, 1947 U.S.C.C.A.N. ................................................................................9

## I.   <u>INTRODUCTION</u>

Defendant United States Steel Corporation ("U. S. Steel") respectfully requests that the Court certify for interlocutory review pursuant to 28 U.S.C. § 1292(b) one pure question of law raised by that part of the Court's October 15, 2009 Opinion and Order ("Order") that denied U. S. Steel's Motion for Summary Judgment with respect to the walking time claims brought by Clifton Sandifer, Nicole Andrews, Dora Anderson, Herbert Harris, Bernard Jenkins, Alvin Mitchell, Marilyn Walton, and Kenny Williams ("Named Plaintiffs").  Specifically, and as discussed more fully below, there is substantial ground for difference of opinion regarding the following controlling question of law:

> Under the FLSA, where it has been determined that the activities of donning, doffing, and washing are not to be included in hours of employment by operation of Section 203(o), can such activities, under any circumstances, start or end the continuous work day under Section 254(a) of the Portal-to-Portal Act?

Appellate resolution of the foregoing pure legal issue will materially advance (and possibly terminate) this litigation.

U. S. Steel also moves this Court to reconsider that part of its October 15, 2009 Order holding that U. S. Steel waived the argument that under the Portal-to-Portal Act, the Court must consider the collective bargaining agreement in effect between U. S. Steel and the United Steelworkers of America ("USWA") to determine whether U. S. Steel must pay covered employees, including the Named Plaintiffs, for the time spent walking to and from work stations. (Order at 25 n. 10).  The Court's ruling of waiver on this point has resulted from a manifestly erroneous understanding of the procedural history of the case.  U. S. Steel squarely raised its collective bargaining agreement argument in a fair and timely manner before it filed its Reply Brief, and in all events, consistent with Seventh Circuit case law, the argument should not be deemed waived because the Plaintiffs have had an ample opportunity to respond to it.

## II.    <u>BACKGROUND</u>

The Named Plaintiffs are current and former union-represented hourly employees whose terms and conditions of employment are governed by a collective bargaining agreement (the Basic Labor Agreement or "2008 BLA") between U. S. Steel and the USWA.  As the Court concluded on pages 23-24 of its Order, there is a six-decade, long-standing agreement, custom and practice at U. S. Steel's Gary Works facility that portal-to-portal activities (including time spent walking to and from work locations as well as time spent changing clothes and washing) are not compensable when occurring outside of scheduled paid shifts.

On June 2, 2008, U. S. Steel moved for summary judgment as to all claims asserted by the Named Plaintiffs, including their claims for walking time between locker rooms and assigned work stations.  On October 15, 2009, this Court granted in part and denied in part U. S. Steel's summary judgment motion.  (Order at 43).  The Court granted summary judgment for U. S. Steel on the Named Plaintiffs' claims for time spent donning, doffing, washing up, and laundering their personal clothing.  (<u>Id.</u> at 24, 38).

The Court rejected U. S. Steel's position that the time spent walking to and from assigned work stations is non-compensable under the Portal-to-Portal Act.  (<u>Id.</u> at 43).  In addressing U. S. Steel's Portal-to-Portal Act argument, the Court acknowledged that there is a split in authority on the issue of whether walking after and before Section 203(o) donning and doffing time can nonetheless constitute a principal activity making such walking time compensable notwithstanding Section 254(a)(1) of the Portal-to-Portal Act.  (<u>Id.</u> at 26-27).  Specifically, the Court rejected the position of the Department of Labor, as well as the reasoning of the Western District of Tennessee's decision in <u>Sisk v. Sara Lee Corp.</u>, 590 F. Supp. 2d 1001, 1011 (W.D. Tenn. 2008), that Section 203(o) activities cannot start or end the "continuous workday."  (<u>Id.</u> at 26-28).  Instead, the Court followed <u>Figas v. Horsehead Corp.</u>, No. 06-1344, 2008 WL 4170043,

at *20 (W.D. Pa. Sept. 3, 2008) (and a subsequent decision from the same court <u>Andrako v. U. S.</u> <u>Steel</u>, 632 F. Supp. 2d 398, 413 (W.D. Pa. 2009)), which came to the exact opposite conclusion. (<u>Id.</u> at 26-27).

In addition to ruling on this seminal legal issue, the Court noted that U. S. Steel argued that the Named Plaintiffs' walking time claims are non-compensable pursuant to the terms of the Basic Labor Agreement, a fact that U. S. Steel urged the Court to "weigh – heavily" because the "Portal-to-Portal Act expressly requires consideration of the parties' collective bargaining agreements to determine whether employers must pay employees for preliminary and/or postliminary activities." (Order at 25 n. 10). The Court found, however, that this argument was raised for the first time in U. S. Steel's Reply Brief. (<u>Id.</u>) Thus, according to the Court, "the company's argument in this regard is waived." (<u>Id.</u>)

### III.   <u>ARGUMENT</u>

**A.     This Court Should Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b) the Pure Question of Law Raised By That Part of Its Order Denying U. S. Steel's Motion for Summary Judgment As to the Walking Time Claims.**

U. S. Steel respectfully requests that the Court certify for interlocutory review pursuant to 28 U.S.C. § 1292(b) the pure question of law raised by that part of the Court's October 15, 2009 Order holding that the non-compensability of donning, doffing, and showering under 29 U.S.C. § 203(o) does not exclude consideration of whether, pursuant to 29 U.S.C. § 254(a), those activities are an integral and indispensable part of employees' principal activities. (Order at 27).

28 U.S.C. § 1292(b) authorizes a district court to exercise its discretion to certify a case for interlocutory review provided certain elements are satisfied:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

ultimate termination of the litigation, he shall so state in writing in such order.[1]

28 U.S.C. § 1292(b). According to the Seventh Circuit, "[t]here are four statutory criteria for the grant of a section 1292(b) petition . . .: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." Ahrenholz v. Bd. of Trustees of the Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "[I]t is important . . .to emphasize the duty of the district court . . . to allow an immediate appeal to be taken when the statutory criteria are met." Id. at 677. "[D]istrict court judges should use section 1292(b) when it should be used. . . ." Id. The Seventh Circuit has made it clear that the focus of the 1292(b) criteria is on the "question of law" prong, noting that the "question of law" must refer to an "abstract issue of law" or one that is "suitable for determination by an appellate court without a trial record." Id. In addition to the statutory criteria, the petition must also be filed in the district court within a reasonable time after the order sought to be appealed. Id. at 675.

Section 1292(b) should be used here. All requisite elements for certification under Section 1292(b) are satisfied. That is, the issue of whether activities found by the Court to be excluded from working time under Section 203(o) of the FLSA can nonetheless be a part of the principal activities that start and end the continuous workday presents a pure and controlling question of law on which reasonable minds from various judicial districts, and the Department of Labor, have differed, and the resolution of which will materially advance this litigation.

---

[1] An appropriate order amending the October 15, 2009 Order can be entered in accordance with 28 U.S.C. § 1292(b), which would include the required statement that there is "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

-4-

**1.    The question at issue is one of statutory interpretation and, as such, is a pure, abstract question of law.**

According to the Seventh Circuit, a "pure" question of law has "reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment has raised a genuine issue of material fact." <u>Id.</u> at 676.  The framers of Section 1292(b) used the term "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from factual contest.  <u>Id.</u>  "The idea was that if the case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case."  <u>Id.</u> at 677.

Here, the legal question presented is as follows:

> Under the FLSA, where it has been determined that the activities of donning, doffing, and washing are not to be included in hours of employment by operation of Section 203(o), can such activities, under any circumstances, start or end the continuous work day under Section 254(a) of the Portal-to-Portal Act?

This, undoubtedly, is an "abstract legal issue" that does not require "hunting through the record . . . to see whether there may be a genuine issue of material fact lurking there."  <u>Id.</u>; <u>see also</u> <u>Estate of Escobedo v. City of Fort Wayne</u>, No. 1:05-cv-424, 2008 WL 4411485, *2 (N.D. Ind. Sept. 25, 2008) (granting request for certification of interlocutory appeal because the "arguments are based on legal interpretations of Fourth Amendment and due process rulings, not disputes over genuine issues of material fact").  Rather, as discussed below, resolution of this issue only requires the appellate court to interpret statutes, precisely the kind of issue that is appropriate for interlocutory appeal.  <u>See, e.g.</u>, <u>Ahrenholz</u>, 219 F.3d at 676.

          **a.**       **This Court followed <u>Figas</u> and <u>Andrako</u>, and held that Section 203(o) relates to "compensability" and does not foreclose a finding that the activities are nonetheless "integral and indispensable" and, therefore, principal activities.**

In its October 15 Order, the Court rejected U. S. Steel's argument that donning and doffing PPE and showering cannot be considered principal activities once these activities have been determined to be activities defined as excluded from measured working time under 29 U.S.C. § 203(o).  (Order at 25).  In doing so, the Court rejected the Department of Labor's opinion letter on the issue, which reasoned that "walking time after a [§ 203(o)] activity is . . . not compensable unless it is preceded by a principal activity."  (Order at 26) (citing DOL Opinion Letter FLSA 2007-10, 2007 WL 2066454, at *1 (May 14, 2007)).  It also rejected the Western District of Tennessee's view, as explained in <u>Sisk v. Sara Lee Corp.</u>, 590 F. Supp. 2d 1001, 1011 (W.D. Tenn. 2008).  (Order at 27).  Instead, the Court found the Western District of Pennsylvania's decision in <u>Figas v. Horsehead Corp.</u>, No. 06-1344, 2008 WL 4170043, at *20 (W.D. Pa. Sept. 3, 2008) to be "more persuasive."  (Order at 27).

          **b.**       **The plain language of Section 203(o), 207(a), and 254(a) of the FLSA support the conclusion of the DOL and <u>Sisk</u>, <u>i.e.</u>, that Section 203(o) activities cannot start or end the continuous workday.**

The court in <u>Figas</u> and in <u>Andrako v. U. S. Steel</u> found that Section 203(o) activities could, in fact, start and end the continuous workday.  <u>Figas</u>, 2008 WL 4170043, at *20; <u>Andrako v. U. S. Steel</u>, 632 F. Supp. 2d 398, 413 (W.D. Pa. 2009).  The reasoning of these decisions, and now of this Court, is flawed because of an overly narrow view that Section 203(o), as a provision of the FLSA, addresses only the question of compensability of certain activities.  Indeed, in its October 15, 2009 Order, this Court quotes the language in <u>Andrako</u> on this point:  "Section 203(o) relates to the *compensability* of time spent donning, doffing, and washing in the collective

bargaining process.  It does not render such time any more or less integral or indispensable to an employee's job."  (Order at 27) (quoting Andrako, 632 F. Supp. 2d at 413) (emphasis in original).

However, the plain language of Section 203(o) speaks not in the limited terms of "compensability" but rather directs that "[i]n determining for the purposes of section 206 [minimum wage] and 207 [maximum hours] of this title the hours **for which an employee is employed**, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday. . . ."  29 U.S.C. § 203(o) (emphasis added).  Thus, focusing solely on the "compensability" of the activities in question ignores the plain language of Section 203(o), which defines 203(o) activities as activities occurring outside of the hours for which an employee is employed.  See U.S. v. Berkos, 543 F.3d 392, 396 (7th Cir. 2008) ("We avoid interpreting a statute in a way that renders a word or phrase redundant or meaningless.").

Accordingly, the issue is not whether the Section 203(o) activities are, or are not, "compensable."  The issue is whether time spent on Section 203(o) activities constitutes "hours for which an employee is employed" in the first instance.  If such time does not constitute hours of employment, under the plain and unambiguous language of Sections 203(o), 207(a), and 254(a) of the FLSA, they can neither be "principal activities" nor activities that are "integral and indispensable" to "principal activities."  See IBP v. Alvarez, 546 U.S. 21, 37 (2005) ("[W]e hold that any activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity' under § 4(a) of the Portal-to-Portal Act.").

Indeed, under the FLSA, employers owe overtime compensation to employees whose "**employment**" exceeds 40 hours in a workweek.  29 U.S.C. § 207(a) (emphasis added). The statute provides, however, time spent on 203(o) activities literally constitutes hours during which the employee is not "**employed.**"  29 U.S.C. § 203(o) ("In determining for the purposes of

-7-

section 206 and 207 of this title the hours **for which an employee is employed**, there shall be

excluded . . . .") (emphasis added).  And under the Portal-to-Portal Act, an employee must,

literally, be "**employed**" in order to be engaged in a "principal activity."  29 U.S.C. § 254(a)

(providing that an employer is not liable for time employees spend "walking, riding, or traveling

to and from the actual place of performance of the principal activities or activities **which such**

**employee is employed to perform**").[2]  Being "employed" is a condition precedent to partaking

in a "principal activity."  It is, thus, impossible for individuals to simultaneously be (a) not

employed – by virtue of Section 203(o) – and (b) employed – by virtue of engaging in a

"principal activity."[3]

The Department of Labor and the Western District of Tennessee in Sisk correctly

concluded that Section 203(o) activities cannot be "principal activities" and, consequently,

cannot start or end the continuous workday.  590 F. Supp. 2d at 1011.  Any time employees

spend walking to their work locations immediately after engaging a Section 203(o) activity, or

back to the locker room immediately before engaging in a Section 203(o) activity, is non-

compensable under the express provisions of the Portal-to-Portal Act.[4]

---

[2] See Steiner v. Mitchell, 350 U.S. 247, 256 (1956) (interpreting the Portal-to-Portal Act to mean that a "principal activity" is "an integral and indispensable part of the principal activities **for which covered workmen are employed**.") (emphasis added); 29 C.F.R. § 790.8(a) ("The principal activities referred to in the statute are activities which the employee is **employed to perform**.") (emphasis added); see also Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr., 536 F.3d 640, 644 (7th Cir. 2008) (noting that DOL regulations are entitled to Chevron deference).

[3] This analysis remains unchanged even if the activities at issue here are characterized not as "principal activities," but as activities that are "integral and indispensable" to principal activities.  The Supreme Court has established that activities that are "integral and indispensable" to principal activities are themselves principal activities.  See Alvarez, 546 U.S. at 37 ("[W]e hold that any activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity' under § 4(a) of the Portal-to-Portal Act.").  The Court in Figas recognized this point.  2008 WL 4170043, at *16 ("Under this standard, the donning, doffing and showering activities of Horsehead's employees are *themselves* 'principal' activities for the purposes of the Portal Act if they are 'integral and indispensable' to the 'principal activities' for which they are employed.").

[4] The legislative intent behind the Portal-to-Portal Act and Section 203(o) supports this conclusion.  Indeed, Congress enacted the Portal-to-Portal Act and Section 203(o) to reverse the Supreme Court's decision in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946) and to eliminate liability for preparatory and closing activities that

### 2.      The question at issue is "controlling."

A question of law is "controlling" if its "resolution is quite likely to affect the further course of the litigation, even if not certain to do so."  Estate of Escobedo, 2008 WL 4411485, at *2 (quoting Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assoc., Inc., 86 F.3d 656, 659 (7th Cir. 1996)); see also Pavey v. Conley, No. 3:03-cv-662, 2006 WL 3715019, at *2 (N.D. Ind. Dec. 14, 2006) (Miller, J.) (finding that issues related to whether an inmate had exhausted his administrative remedies in a suit brought under 28 U.S.C. § 1983 to be "controlling questions of law").

This Court has granted summary judgment to U. S. Steel on the Named Plaintiffs' overtime claims for time spent changing clothes, washing up, and laundering personal items. (Order at 43).  The only remaining claim is one for time spent walking to and from the Named Plaintiffs' work stations outside of their shifts.  Were the Court of Appeals to determine, as did the court in Sisk, 590 F. Supp. 2d at 1008 and as did the Department of Labor in its 2007 Order Letter (U. S. Dept. of Lab. FLSA 2007-10, 2007 WL 2066454 (May 14, 2007)), that a Section 203(o) activity cannot start the continuous workday, it would result in the dismissal of Plaintiffs' sole remaining claim.  Thus, a controlling question of law is presented.

### 3.      The question at issue is "contestable."

The issue presented is "contestable" because "there is substantial ground for difference of opinion."  28 U.S.C. § 1292(b).  There is a material split among the legal authority that has

---

(continued…)

unions and companies had long agreed should be excluded from compensable time.  See 29 U.S.C. § 251(a) (finding that the FLSA had "been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees"); Steiner, 350 U.S. at 253-54 ("The Portal-to-Portal Act was designed primarily to meet an 'existing emergency' resulting from claims which . . . would have created 'wholly unexpected liabilities, immense in amount and retroactive in operation.'"); H.R. Rep. No. 71, 1947 U.S.C.C.A.N. at 1031-32 (noting that the flood of litigation caused by Mt. Clemens "constitute[s] a serious threat to industrial relations and to principles of collective bargaining"); Cong. Rec. H11,210 (daily ed., August 10, 1949) (statements of Rep. Herter & Rep. Lucas) (noting that Section 203(o) was intended to close a "loophole" left by the Portal-to-Portal Act).

-9-

addressed this issue.  As this Court's October 15, 2009 Order observed, the DOL and the district court in Sisk determined that a Section 203(o) activity cannot start or end the continuous workday.  The DOL wrote that, "activities covered by Section 203(o) cannot be considered principal activities and do not start [or end] the workday[, and w]alking time after a 3(o) activity is therefore not compensable unless it is preceded by a[n actual] principal activity."  U.S. Dept. of Lab. FLSA 2007-10, 2007 WL 2066454 (May 14, 2007); see also Sisk, 590 F. Supp. 2d at 1011 ("once an activity has been deemed a section 3(o) activity, it cannot be considered a principal activity").

Contrariwise, the Western District Pennsylvania in Figas and Andrako, and the Southern District of Mississippi in Gatewood v. Koch Foods of Miss., LLC, 569 F. Supp. 2d 687 (S.D. Miss. 2008), have ruled that Section 203(o) activity could be principal activity that starts or ends the continuous workday.  In view of the split of authority that exists among various federal courts and with the administrative agency responsible for administering the FLSA, the Seventh Circuit should advance this case by resolving definitively this issue before these parties must proceed with a collective action where the sole remaining claim is dependent upon this precise legal issue.  This court has previously certified orders for interlocutory appeal when there was no "controlling precedent from the Seventh Circuit, or any other circuit" on a similarly controlling issue.  See, e.g., Carolina Casualty Ins. Co. v. Estate of Zinsmaster, No. 1:06-cv-33, 2007 WL 670898, *2 (N.D. Ind. Feb. 27, 2007) (noting that the only case directly addressing the issue presented by the parties' motion for partial summary judgment was from the Middle District of North Carolina); Estate of Escobedo, 2008 WL 4411485, at *2 (finding that the issues presented were "contestable" because there was a circuit split, and it could not say "with absolute certainty" that the Seventh Circuit would affirm its decision); see also McDonald v. HSBC

-10-

Finance Corp., No. 1:03-cv-1698, 2006 WL 2669950, at *1 (S.D. Ind. Sept. 18, 2006) (certifying order on motion to dismiss for interlocutory appeal, noting that there was an "ongoing judicial debate over interpretation and intent of § 502(a)(3)" of ERISA). This Court should do the same here.

### 4. Appellate review would materially advance the ultimate termination of the litigation.

The fourth element – whether review would materially advance the ultimate termination of the litigation – relates to the underlying purpose of section 1292(b): "the avoidance of unnecessary trials." Akerly v. Red Barn Sys., Inc., 551 F.2d 539, 543 (3d Cir. 1977). The Seventh Circuit has made clear that this element requires that resolution of the contestable and controlling question of law "must promise to *speed up* the litigation." Ahrenholz, 219 F.3d at 675. Other circuits have observed that the drafters of Section 1292(b) specifically referred to the applicability of the section "to cases in which a long trial results from a pretrial order erroneously overruling a defense going to the right to maintain the action." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).

Interlocutory review will materially advance litigation where the litigation is "protracted and expensive and the probability of retrial is decreased by interlocutory review." Zenith Radio Corp. v. Matsushita Elec. Indus. Co. Ltd., M.D.L. No. 189, 1979 WL 1689, at *3 (E.D. Pa. Aug. 21, 1999); see also W. Tenn. Chapter of Associated Builders & Contractors v. City of Memphis, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000) ("[i]mmediate resolution of this issue has the potential to materially advance this litigation because it will potentially save judicial resources and litigant expense."). Thus, where interlocutory review would save a court and litigants the expenditure of significant time and resources, it would materially advance the litigation. As the District Court for the District of Columbia stated, "certification is warranted" where

"concomitant expense to the parties, both financial and emotional, can be avoided." Johnson v. Washington Metro. Area Transit Auth., 790 F. Supp. 1174, 1180 (D.D.C. 1991); see also W. Tenn. Associated Builders, 138 F. Supp. 2d at 1026 ("[i]nterlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens").

This factor is satisfied here because reversal of the Court's denial of summary judgment on Plaintiffs' walking time claim will terminate the litigation and avoid unnecessary litigation related to class certification. Akerly, 551 F.2d at 543. Indeed, the Court's ruling affects the claims of potentially thousands of individuals and, as such, "would have significant precedential value." W. Tenn. Associated Builders, 138 F. Supp. 2d at 1019.

In addition, it would be highly inefficient to have protracted class litigation that may prove to be unnecessary. This case is postured to proceed through adjudication of Named Plaintiffs' Motion for Judicially Supervised Notice Under 29 U.S.C. § 216(b) to thousands of union-represented employees who currently or formerly worked at U. S. Steel's Gary Works. Certification for interlocutory appeal is particularly appropriate at this stage of the litigation where the resolution of a controlling issue of law could avoid what may prove to be unnecessary disruption to a large workforce and significant litigation expense. See, e.g., Katz, 496 F.2d at 760 (interlocutory appeal is appropriate where "defendant makes a nonfrivolous claim that it will be prejudiced by the mailing of [class] notice . . . [and] a postponement of those issues until a violation is decided will actually protect the judicial system from the time and expense which might have been wasted on them in a nonliability case.").[5] In these circumstances, immediate

_____

[5] The parties, absent interlocutory appeal, will be required to engage in conditional certification briefing, at which point the Court will decide whether conditional certification and notice to potential class members are appropriate under Section 216(b) of the FLSA. Should the Named Plaintiffs satisfy their burden, notice would be sent to putative class members. Once the opt-in period closed, the parties would then engage in further discovery

interlocutory review under Section 1292(b) is especially appropriate.  See, e.g., Johnson, 790 F. Supp. at 1180; W. Tenn. Associated Builders, 138 F. Supp. 2d at 1026.

### B. The Court Should Reconsider Its Holding That U. S. Steel Waived Its Argument That the Walking Time Claims Are Barred Based on the Collective Bargaining Agreements Covering the Plaintiffs.

#### 1. The standard for a motion to reconsider an interlocutory order is met here.

Motions to reconsider "serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir.1996) (citations omitted).  On reconsideration, a party may not introduce new evidence or legal theories that could have been presented earlier or simply rehash previously rejected arguments.  Id.  The standard for motions to reconsider are relaxed when the order in question was interlocutory, as the Court's October 15, 2009 Order is in this case.  See Lock Realty Corp. IX v. U.S. Health, LP, No. 3:06-cv-487, 2009 WL 2970330, at *13 (N.D. Ind. Sept. 14, 2009) (Miller, J.).  Federal Rule of Civil Procedure 54 provides that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12, (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge").  "[A] motion to reconsider an interlocutory order may be entertained and granted as justice requires."  Akzo Coatings, Inc. v. Aigner Corp., 909 F. Supp. 1154, 1160 (N.D. Ind. 1995) (citations omitted).

_____

(continued…)

regarding whether Named Plaintiffs and those who consented to join the litigation are "similarly situated."  Based upon that discovery, U. S. Steel could move for decertification of the conditionally certified class, and the Court would decide whether to decertify the class or permanently certify it.  Then, litigation on the merits of the remaining claim would commence, requiring some additional discovery and with potential for further dispositive motions.  In stark contrast, if the Court of Appeals were to reverse on the question of law on which U. S. Steel seeks certification, the case would be over.  Thus, there potentially is substantial "saving of time of the district court and of expense to the litigants."  Katz, 496 F.2d at 755.

-13-

Here, particularly under the relaxed standard applicable to interlocutory orders, the Court should reconsider its ruling that U. S. Steel waived its collective bargaining agreement argument as it relates to the Named Plaintiffs' walking time claims because:  (1) the argument was squarely raised in a timely and fair manner significantly before the filing of U. S. Steel's Reply Brief; and (2) in all events, the Named Plaintiffs had ample opportunity to respond to the argument.

> **2.      Prior to its Reply Brief, U. S. Steel raised the argument regarding deference to the parties' BLA with respect to the compensability of walking time.**

In its opening Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Opening Memorandum") and supporting papers, U. S. Steel argued that since 1947, U. S. Steel and the USWA have agreed, pursuant to custom and practice under the BLA, to exclude from compensable time, the time spent by employees outside of their scheduled shifts donning and doffing work clothes, washing up, and **walking to and from their assigned work locations.**  (See, e.g., Opening Memorandum at 1-2).  U. S. Steel also urged that the "agreements, customs, and practices that control the terms and conditions of employment of the Named Plaintiffs at Gary Works entitle U. S. Steel to summary judgment under Section 203(o) or the Portal-to-Portal Act."  (Id. at 32).  It also cited the seminal Seventh Circuit case supporting the principle that the Court should weigh, heavily, the parties' agreement to exclude walking time from compensable time – Dinges v. Sacred Heart St. Mary's Hosps., Inc., 164 F.3d 1056, 1059 (7th Cir. 1999).  (Id.)

After filing its motion, on August 12, 2008, U. S. Steel and the USWA entered into a new Basic Labor Agreement.  On September 17, 2008 – nearly four months before Plaintiffs filed their response to U. S. Steel's Motion for Summary Judgment – U. S. Steel filed its Motion for Leave to Supplement Its Statement of Material Facts and Appendix of Record Evidence in

Support of Its Motion for Summary Judgment ("Motion to Supplement").  U. S. Steel brought

the fact of the new BLA to the Court's attention and argued, in its Motion to Supplement, that

the Portal-to-Portal Act "expressly requires consideration of agreements between parties to

determine whether employers must pay employees for preliminary and/or postliminary

activities."  (Mot. to Supp. ¶ 9.)  Under controlling Seventh Circuit precedent, the Company

argued, "when agreements specify that certain activities are not compensable, '[a]lthough the

FLSA overrides contracts, in close cases it makes sense to let private arrangements endure – for

the less flexible statutory approach has the potential to make everyone worse off.'  Dinges v.

Sacred Heart St. Mary's Hosp., Inc., 164 F.3d 1056, 1059 (7th Cir. 1999)."  (Id.)[6]

On September 23, 2008, the Court entered an order granting "the defendant's motion to

supplement its summary judgment motion."  (See Dkt. No. 108.)  The Court expressly authorized,

and the Plaintiffs lodged no opposition to, U. S. Steel supplementing the record with new

evidence – evidence that provided additional grounds for the contractual argument at issue.

U. S. Steel was permitted to present "new" evidence, as additional support of its argument on an

issue raised in a pending, and not yet responded to, motion summary judgment.  See, e.g., United

States v. Lashay, 417 F.3d 715, 719 (7th Cir. 2005) (holding that an argument raised for the first

time in a reply brief was not waived because the argument was based on a relevant case decided

after the opening brief was filed).  Accordingly, U. S. Steel should not be deemed to have waived

the argument.

---

[6] The impact of a decision *not* to defer to the U. S. Steel-USWA collectively bargained agreement would potentially (i) abrogate the collectively bargained agreement with respect to walking time (an agreement that dates back six decades); (ii) deprive U. S. Steel of the benefit of its bargain on the issue and potentially disturb the *quid pro quo* that USWA negotiators have exacted over the years in exchange for that agreement; and (iii) leave the USWA members, including the Named Plaintiffs, with a windfall.  Under the Supreme Court's rulings in 14 Penn Plaza v. Pyett, 129 S. Ct. 1456 (2009) and NLRB v. Magnavox, 415 U.S. 322 (1974), such a windfall is not appropriate.  Further, as Justice Stevens warned in Magnavox, the Court's ruling may directly affect the U. S. Steel-USWA relationship, may change the manner in which employees report to work, and could otherwise impact pay and benefits of other employees at Gary Works.  Magnavox, 415 U.S. at 328 (Stewart, J., concurring in part and dissenting in part).

-15-

3.     **Even had this argument not been raised before U. S. Steel's Reply Brief, it was not waived because Plaintiffs had an adequate opportunity to respond to it.**

Even had this argument regarding deference to the BLA not been plainly raised in the opening and supplemental motion papers, the Court should reconsider its decision because Plaintiffs have had an adequate chance to respond to the argument.  See Bell v. DaimlerChrysler Corp., 547 F.3d 796, 806 (7th Cir. 2008) (holding that defendant did not waive argument regarding piece of evidence first cited in reply brief because plaintiffs had an opportunity to respond to it); Commonwealth Edison Co. v. U.S. Nuclear Regulatory Comm'n, 830 F.2d 610, 621 n. 7 (7th Cir. 1987) (indicating the underlying purpose of the waiver rule is that it is unfair to "the opposing party [who] has no opportunity to make a written response").  When a party raises a "new argument" in a reply brief, and the other party has an adequate opportunity to respond to it, the argument should not be deemed waived.  See Bell, 547 F.3d at 806 (holding that reliance on new evidence in reply brief in support of a motion for summary judgment was acceptable because the other side had an opportunity to respond to it); O'Brien v. Diversified Transport, Inc., Cause No. 3:04-cv-791, 2006 WL 3191560, at *3 (N.D. Ind. Nov. 1, 2006) (Miller, J.) (denying plaintiff's motion to strike new evidence submitted by defendant for the first time with its reply brief because plaintiff had a chance to respond to it).

Here, U. S. Steel set forth a fully developed argument regarding this issue in its Motion to Supplement, which was filed well in advance of Plaintiffs' deadline to respond to the Motion for Summary Judgment and in ample time for Plaintiffs to take discovery on the issue, if they chose to do so.  The Company repeated the argument in its Reply Brief (filed on February 16, 2009), without relying on any new evidence, and again, at the June 1, 2009 hearing on U. S. Steel's Motion for Summary Judgment.  (See, e.g., MSJ Hearing Transcript (Dkt. 149) at 16:25-17:13.)

DLI-6278065v1

Thus, the Named Plaintiffs had multiple opportunities to respond formally to the argument, and so for this additional reason, U. S. Steel's Motion for Partial Reconsideration should be granted.[7]

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should certify for 28 U.S.C. § 1292(b) review by the United States Court of Appeals the part of the October 15, 2009 Order denying U. S. Steel's Motion for Summary Judgment as to the Named Plaintiffs' walking time claims.  The Court should also reconsider that part of its Order in which it determined that U. S. Steel waived the argument that the Portal-to-Portal Act expressly requires consideration of the parties' collective bargaining agreements to determine whether U. S. Steel must pay employees for walking time.

---

[7] The court cites <u>United States v. Williams</u>, 436 F.3d 767, 769 (7th Cir. 2006) and <u>Hart v. Transit Mgmt. of Racine, Inc.</u>, 426 F.3d 863 (7th Cir. 2005) in support of its holding that U. S. Steel waived its argument that the Portal-to-Portal Act expressly requires consideration of any applicable collective bargaining agreement to determine whether an employer has the obligation to pay covered employees for walking time and other preliminary and/or postliminary activities.  While these cases are criminal cases that hold that arguments raised for the first time in an appellate reply brief are waived, U. S. Steel does not dispute that this is also the rule in this circuit with respect to summary judgment reply briefs.  Rather, U.S. Steel urges simply that this rule has no application here for the reasons explained above.

Dated:  October 30, 2009                    Respectfully submitted,


                                            */s/* Lawrence C. DiNardo
                                            Lawrence C. DiNardo (IN # 4532-98)
                                            JONES DAY
                                            77 West Wacker
                                            Chicago, Illinois 60601-1692
                                            (312) 782-3939 (Telephone)
                                            (312) 782-8585 (Facsimile)


                                            */s/* Brian Jorgensen
                                            Brian Jorgensen (TX # 24012930)
                                            JONES DAY
                                            2727 N. Harwood St.
                                            Dallas, Texas 75201
                                            (214) 229-3939 (Telephone)
                                            (214) 969-5100 (Facsimile)


                                            */s/* Terence M. Austgen
                                            Terence M. Austgen (IN # 2484-49)
                                            SINGLETON CRIST AUSTGEN &
                                            SEARS LLP
                                            9245 Calumet Avenue Suite 200
                                            Munster, IN 46321
                                            (219) 836-0200 (Telephone)
                                            (219) 836-2544 (Facsimile)


                                            J. Michael Jarboe (PA ID# 30741)
                                            Thomas R. Wright (PA ID# 10887)
                                            THE LAW DEPARTMENT OF
                                            UNITED STATES STEEL CORPORATION
                                            600 Grant Street, Room 1500
                                            Pittsburgh, PA  15219-2800
                                            (412) 433-2880 (Telephone)
                                            (412) 433-2811 (Facsimile)


                                            Counsel for Defendant

-18-

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 30th day of October, 2009, a true and correct copy of the foregoing Defendant's Memorandum in Support of Its Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Partial Reconsideration of the Court's Order of October 15, 2009 was served upon the following registered ECF participants by ECF notification:

Aaron B. Maduff
MADUFF & MADUFF, LLC
One E. Wacker Drive, Suite 2122
Chicago, Illinois 60601
Email:  abmaduff@madufflaw.com

Michael L. Maduff
MADUFF & MADUFF, LLC
One E. Wacker Drive, Suite 2122
Chicago, Illinois 60601
Email:  mlmaduff@madufflaw.com

David L. Kern
KERN LAW FIRM
1300 North El Paso Street
El Paso, Texas 79902
Email:  dkern@kernlawfirm.com

Herman N. (Rusty) Johnson Jr.
The Kress Building
301 - 19th Street North
Birmingham, Alabama 35203
Email:  RJohnson@wcqp.com

/s/ Brian Jorgensen

DLI-6278065v1