UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CLIFTON SANDIFER, et al.,  )<br>)<br>Plaintiffs  )<br>)<br>vs.  )<br>)<br>UNITED STATES STEEL CORP.,  )<br>)<br>Defendant  ) | CAUSE NO: 2:07-CV-443 RM |

<u>OPINION and ORDER</u>

On October 15, 2009, the court granted in part and denied in part United States Steel Corporation's summary judgment motion. The court granted U.S. Steel's request for judgment pursuant to 29 U.S.C. § 203(o), concluding that the plaintiffs' activities of changing clothes and showering at the beginning and end of their shifts were excluded from measured working time by the express terms of, or by a custom or practice under, the applicable collective-bargaining agreement(s); denied U.S. Steel's request for judgment based on the *de minimis* doctrine and the grievance and arbitration procedures of the applicable CBA; and denied U.S. Steel's request for judgment under 29 U.S.C. § 254(a) because the court couldn't conclude "as a matter of law that the non-compensability of donning, doffing, and showering activities under 29 U.S.C. § 203(o) excludes consideration of whether, pursuant to 29 U.S.C. § 254(a), those activities are an integral and indispensable part of employees' principal activities." Upon further consideration of U.S. Steel's arguments that donning, doffing, showering, and

laundering personal clothing aren't integral and indispensable activities, the court agreed with U.S. Steel that showering (excluding Coke plant employees) and laundering of personal clothing weren't compensable activities under 29 U.S.C. § 254(a), but found that U.S. Steel hadn't established that the donning and doffing of protective clothing isn't an integral and indispensable part of the employees' principal activities.

U.S. Steel now asks that the court certify an interlocutory appeal under 28 U.S.C. § 1292(b). The ruling sought to be appealed relates to the interaction of 29 U.S.C. § 203(o) and 29 U.S.C. § 254(a) and whether § 203(o) activities can be principal activities that begin and end a work day. U.S. Steel also asks the court to reconsider a portion of its October 15 ruling. The court addresses the requests separately.

I. MOTION TO RECONSIDER

Federal Rule of Civil Procedure 54(b) provides that a court may alter or amend an interlocutory order any time before entry of final judgment. *See* Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). Unlike a motion to reconsider a final judgment, which must meet the requirements of Federal Rules of Civil Procedure 59 or 60, "a motion to reconsider an interlocutory order may be entertained and granted as justice requires." Akzo Coatings, Inc. v. Aigner Corp., 909 F. Supp. 1154, 1160 (N.D. Ind. 1995).

Reconsideration of an interlocutory order may be appropriate when the facts or law on which the decision was based change significantly after issuance of the order, or when the court has misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). "These grounds represent extraordinary circumstances, and the granting of a motion to reconsider is to be granted only in such extraordinary circumstances. . . Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." United States Securities and Exch. Comm'n v. National Presto Indus., Inc., No. 02-C-5027, 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004). Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996).

U.S. Steel seeks reconsideration of the court's determination that the company waived its collective bargaining argument relating to the plaintiffs' walking time claim because, U.S. Steel says, the company raised the argument in a timely and fair manner significantly before the filing of U.S. Steel's reply brief and the plaintiffs had ample opportunity to respond to the argument. The court can't agree.

A review of U.S. Steel's summary judgment submissions shows that, contrary to U.S. Steel's assertion, the company's reliance on provisions of the CBA

3

in support of its argument under 29 U.S.C. § 254(a) first appeared in the reply brief. *See* Deft. S. Judg. Reply, at 16-17. U.S. Steel claims it "expressly raised — and set forth in detail — the argument regarding deference to the parties' [CBA] with respect to walking time in its Motion for Leave to Supplement its Statement of Material Facts and Appendix of Record Evidence in Support of its Motion for Summary Judgment." While U.S. Steel's claim is true — the "Motion for Leave to Supplement" contains that argument — the argument isn't contained in either the "Supplement to Statement of Material Facts" or the "Supplement to Appendix" filed by U.S. Steel.

U.S. Steel's "Motion for Leave to Supplement" (docket # 106) was filed on September 17, 2008 and granted on September 23 (docket # 108); the company's "Supplement to Statement of Material Facts" and "Supplement to Appendix" became docket numbers 111 and 112, respectively, on September 29. The arguments U.S. Steel set forth in its "Motion for Leave to Supplement" were made in support of its request that it be allowed to supplement the summary judgment record. An opposing party might expect to respond to the "Motion for Leave to Supplement" by agreeing or objecting to U.S. Steel's request to file a supplement, but the "Supplement" and "Appendix" documents don't contain any argument relating to consideration or application of provisions of the 2008 CBA to the company's argument under the Portal-to-Portal Act, so neither the opposing party nor the court would have been alerted that the "Motion for Leave to Supplement" was intended to be part of the company's summary judgment submission. The

arguments U.S. Steel now relies on weren't made in support of the company's request for summary judgment until the reply brief, depriving the plaintiffs of an opportunity to respond. The company's motion to reconsider is denied.

## II. MOTION TO CERTIFY INTERLOCUTORY APPEAL

U.S. Steel asks the court to certify the following question for appeal: "Under the FLSA, where it has been determined that the activities of donning, doffing, and washing are not to be included in hours of employment by operation of 29 U.S.C. § 203(o), can such activities, under any circumstances, start or end the continuous work day under 29 U.S.C. § 254(a) of the Portal-to-Portal Act?"

Interlocutory appeals are governed by 28 U.S.C. § 1292(b), which provides, in pertinent part, that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Certification under § 1292(b) requires four statutory criteria be met: (1) there must be a question of *law*; (2) it must be *controlling*; (3) it must be *contestable*; and (4) its resolution must promise to *speed up* the litigation. Ahrenholz v. Board of Trustees of the Univ. of Illinois, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed.

Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)." Id. "Certification is the exception and not the rule." In re Brand Name Prescription Drugs Antitrust Litig., 878 F. Supp. 1078, 1081 (N.D. Ill.1995).

### (1) Is There A Question of Law?

The phrase "question of law" in § 1292(b) relates to a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment [has] raised a genuine issue of material fact." Ahrenholz v. Board of Trustees, 219 F.3d at 676. The framers of § 1292(b) intended the term "question of law" to refer to a "'pure' question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and clearly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." Ahrenholz v. Board of Trustees, 219 F.3d at 676-677; *see also* McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) (section 1292(b) appeals "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.").

U.S. Steel presents a question of statutory interpretation relating to the interaction of 29 U.S.C. § 203(o) and 29 U.S.C. § 254(a): whether the activities of

6

changing clothes and washing that are not included in "the hours for which an employee is employed" under Section 203(o) can, under any circumstance, start or end the continuous work day under Section 254(a). A fact-specific decision isn't necessary and the question can be decided without further study of the record, so the question presented qualifies as a "question of law" for purposes of § 1292(b).

### (2) Is the Question of Law Controlling?

"A 'controlling question' can exist where resolution of the question will resolve the litigation in its entirety or where it will establish whether a particular claim exists." DeKeyser v. Thyssenkrupp Waupaca, Inc., No. 08-C-488, 2009 WL 750278, at *2 (E.D. Wis. Mar. 20, 2009). In other words, resolution of a controlling question of law must affect the course of the litigation.

The plaintiffs and the defendant agree that this issue's resolution would establish whether the case would proceed to trial. Were U.S. Steel to prevail on appeal, no trial would be necessary and the litigation would be resolved in its entirety. Thus, the question of law is controlling.

### (3) Is the Question of Law Contestable?

The third statutory criterion is whether the question of law is contestable, that is, whether "substantial grounds for a difference of opinion" on the issue exist. City of Joliet v. Mid-City Nat'l Bank, No. 05-C-6746, 2008 WL 4889038, at *2 (N.D. Ill. June 13, 2008). "[A] court faced with a motion for certification must

analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute." Williams v. Saxon Mortgage Co., No. 06-0799-WS-B, 2007 WL 4105126, at *2 (S.D. Ala. Nov. 15, 2007) (*quoting* APCC Servs., Inc. v. AT&T Corp., 297 F. Supp. 2d 101, 107 (D.D.C. 2003))); *see also* In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig., 212 F. Supp. 2d 903, 909-910 (S.D. Ind. 2002) (certification is appropriate where "other courts have adopted conflicting positions regarding the issue of law proposed for certification").

This court considered U.S. Steel's summary judgment arguments on this issue and found that it couldn't conclude "as a matter of law that the non-compensability of donning, doffing, and showering activities under 29 U.S.C. § 203(o) excludes consideration of whether, pursuant to 29 U.S.C. § 254(a), those activities are an integral and indispensable part of employees' principal activities at USS." Op. and Ord., at 28. Some courts have reached a similar conclusion. *See* Andrako v. United States Steel Corp., 632 F. Supp. 2d 398, 413 (W.D. Pa. 2009) (court was "not convinced that § 203(o) changes the 'principal' nature of donning and doffing activities, or that 'principal' activities somehow become 'preliminary' or 'postliminary' under the Portal Act simply because they are rendered noncompensable by a collective-bargaining agreement in accordance with § 203(o)"); Gatewood v. Koch Foods of Mississippi, LLC, 569 F. Supp. 2d 687, 702 (S.D. Miss. 2008) ("Although the act of 'changing clothes' itself is barred based on § 203(o) . . ., the activities that occur after changing into sanitary gear and before

8

changing out of sanitary gear are not impacted by the defense. If the jury determined that donning and doffing this gear was integral and indispensable, their commencement would trigger the 'continuous workday rule,' and might make the walking and waiting time at issue compensable."); Johnson v. Koch Foods, Inc., No. 2:07-CV-51, 2009 WL 3817447, at *12 (E.D. Tenn. Nov. 13, 2009) ("if the donning, doffing, and washing excluded by § 203(o) are determined by the trier of fact to be integral and indispensable, those activities could commence the workday"); and Figas v. Horsehead Corp., No. 06-1344, 2008 WL 4170043, at *20 (W.D. Pa. Sept. 3, 2008) ("[T]he Court is convinced that activities rendered noncompensable under § 203(o) by a collective-bargaining agreement can nevertheless mark the beginning and the end of a continuous workday for purposes of the Portal Act, and that § 203(o) should be read to exclude only 'time spent in changing clothes or washing.'"). Other courts, as well as the Department of Labor, have concluded to the contrary, holding that activities covered by Section 203(o) — activities excluded from "hours worked" — can't be considered principal activities and don't start the workday. *See* Hudson v. Butterball, LLC, No. 08-5071-CV-SW-RED, 2009 WL 3486780, at *4 (W.D. Mo. Oct. 14, 2009) ("Because time Hudson spent sanitizing, donning, and doffing is excluded from hours worked under § 203(o), the walking time did not follow or precede a principal work activity, and therefore is not compensable."); Sisk v. Sara Lee Corp., 590 F. Supp. 2d 1001, 1011 (W.D. Tenn. 2008) ("once an activity has been deemed a section 3(o) activity, it cannot be considered a principal activity"); Department of Labor

9

Opinion Letter FLSA 2007-10, 2007 WL 2066454, at *1 (May 14, 2007) ("[A]ctivities covered by section 3(o) cannot be considered principal activities and do not start the workday.").

In deciding the issue of the interaction between 29 U.S.C. §§ 203(o) and 254(a), the court carefully considered, contrasted, and compared the cases just cited and the many reasons cited for those decisions. Grounds exist for a difference of opinion on the issue and the arguments in opposition to the challenged ruling aren't insubstantial. *Accord* Andrako v. United States Steel Corp., 632 F. Supp. 2d 398, 412 (W.D. Pa. 2009) ("This question – whether Section 203(o) renders otherwise principal activities simply non-compensable or both non-compensable and non-principal – is a difficult one and one that has divided the few authorities that have addressed it."). The question of law presented here is not settled by controlling authority and, as evidenced by the differing conclusions cited above, is contestable.

*(4) Will Resolution of the Question of Law Speed Up the Litigation?*

"This is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).

The class certification issue still pends. According to U.S. Steel, without interlocutory appeal, the parties will be required to brief the certification issue,

and if the class is certified, provide notice to potential class members, undertake additional discovery, and likely file further dispositive motions. Ultimately, a trial on the merits might be required. "In stark contrast, if the court of appeals were to reverse on the question of law on which U.S. Steel seeks certification, the case would be over. Thus, there potentially is substantial saving of time of the district court and of expense to the litigants." Deft. Memo., at 12 n.5.

"Interlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens. . . . Immediate resolution of this issue has the potential to materially advance this litigation because it will potentially save judicial resources and litigant expense." West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000). The fourth requirement is met.

*(5) Is the Motion Timely?*

While the statute doesn't contain a time limitation, U.S. Steel's filing of its motion eleven days after the issuance of the order sought to be appealed meets the non-statutory requirement that the request be filed within a "reasonable time."

III. CONCLUSION

The court grants in part and denies in part the defendants' motion [docket # 159]: the request for reconsideration is DENIED and the request for certification of interlocutory appeal is GRANTED.

The question the court believes meets the criteria for interlocutory review is the following: "Under the FLSA, where it has been determined that the activities of donning, doffing, and washing are not to be included in hours of employment by operation of 29 U.S.C. § 203(o), can such activities, under any circumstances, start or end the continuous work day under 29 U.S.C. § 254(a)?"

SO ORDERED.

ENTERED:  January 5, 2010


    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court